**Beckenhauer, Eric (CIV)**

| | |
|---|---|
| **From:** | Beckenhauer, Eric (CIV) |
| **Sent:** | Friday, December 30, 2016 9:46 PM |
| **To:** | jeffrey.daman@damanllp.com; phillip.daman@damanllp.com; andre.stlaurent@damanllp.com |
| **Cc:** | Brown, Aimee W. (CIV) |
| **Subject:** | Lost Art Liquids v. FDA, No. 16-3468 (C.D. Cal.) |
| **Attachments:** | Lost Arts - joint stipulation re Rule 26 - Circ 30DEC16.docx; Lost Arts - joint stipulation re Rule 26 - proposed order - Circ 30DEC16.docx; Lost Arts - PO motion - Circ 30DEC16.docx; Lost Arts - proposed PO - Circ 30DEC16.docx; Lost Arts - PO acknowledgment - Circ 30DEC16.docx; 016 - Protective Order - 8JUN16.pdf |

Counsel --


I hope this message finds you well.  I'm writing to touch base about the Court's order to submit a Rule 26(f) report by next Tuesday, January 3 -- a deadline that is fast approaching.


As you may know, because this is an APA case, it is exempt from the ordinary requirements of Rule 26(f), so a conference and proposed discovery plan are not necessary.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i), 26(f)(1)–(3).  Thus, we suggest a somewhat streamlined filing that notes this for the Court and requests entry of an agreed-upon briefing schedule.


Attached for your consideration is a draft filing, which is fairly standard in APA cases like this one.  As you'll see, for now, I've left placeholders for the briefing deadlines -- if you could let us know how much time you think you'll need for your opening brief after getting a copy of the administrative record, perhaps the subsequent deadlines will flow from there.


We should be able to get you the administrative record in relatively short order, though we'll need the Court to enter a protective order before we can produce some portions of it -- namely, the comments on the proposed rule.  Those contain some information that may be confidential or private in nature and that cannot easily be redacted.  The substance of the comments, however, is generally already publicly available in searchable format on regulations.gov.


Thus, also attached is a proposed protective order, which duplicates the ones the parties agreed to in *Nicopure v. FDA*, No. 16-878 (D.D.C.), and *Cyclops Vapor v. FDA*, No. 15-556 (M.D. Ala.), which you may recognize as other challenges to the deeming rule involving e-cigarettes and related products.  (For reference, I've also attached the *Nicopure* protective order, in case you'd like to take a look.)

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

As a caveat, I don't yet have final sign off from the agency, but I wanted to share these as soon as possible given our imminent deadline.

Please let me know what you think.  I'd also be happy to discuss this by phone if that would be helpful.

Thanks very much,

Eric

Eric B. Beckenhauer

Trial Attorney

U.S. Department of Justice

Civil Division, Federal Programs Branch

(202) 514-3338

(202) 616-8470 (fax)

eric.beckenhauer@usdoj.gov

Sent from my Verizon Wireless 4G LTE smartphone

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

1  BENJAMIN C. MIZER
   Principal Deputy Assistant Attorney General
2  SHEILA LIEBER
   Deputy Director
3  ERIC B. BECKENHAUER, Cal. Bar No. 237526
   Trial Attorney
4  U.S. Department of Justice
   Civil Division, Federal Programs Branch
5  20 Massachusetts Ave. NW
   Washington, DC  20530
6  Tel: (202) 514-3338
   Fax: (202) 616-8470
7  Email: eric.beckenhauer@usdoj.gov

8  *Attorneys for Defendants*

9

10            **IN THE UNITED STATES DISTRICT COURT**

11            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  LOST ART LIQUIDS,                    No. 2:16-cv-03468-SJO-FFM

                          Plaintiff,     **JOINT STIPULATION**
14                                       **REGARDING RULE 26 AND**
                                         **REQUEST TO VACATE**
15  v.                                   **SCHEDULING CONFERENCE**
                                         **AND ENTER PROPOSED**
16  FOOD AND DRUG                        **BRIEFING SCHEDULE**
    ADMINISTRATION, DR. ROBERT
17  CALIFF, in his official capacity as  Scheduling Conference
    Commissioner of Food and Drugs, and Date:  January 17, 2017
18  SYLVIA M. BURWELL, in her            Time:  8:30 am
    official capacity as Secretary of Health  Place:  Courtroom 1
19  and Human Services,                          312 North Spring Street,
                                                 Los Angeles, CA  90012
20                        Defendants.
                                         Hon. S. James Otero
21

22

23          The parties respectfully respond to the Court's November 17, 2016, order to

24  submit a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), *see* Doc. No.

25  33, and, subject to Court approval, stipulate as follows:

26

27

28

                                         1

## I.   SCHEDULING CONFERENCE AND PROPOSED BRIEFING SCHEDULE

The parties agree that this case is governed by the Administrative Procedure Act ("APA"), which authorizes judicial review of agency action alleged to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. § 706; *see* Compl. ¶ 20.  The parties thus anticipate that this case will be resolved on the basis of the administrative record compiled by the agency. *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (in APA cases, the "task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court").

Accordingly, this case is exempt from Fed. R. Civ. P. 26's ordinary requirement to confer and develop a proposed discovery plan.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan).

The parties anticipate that this case can be resolved on cross-motions for summary judgment.  Subject to Court approval, the parties stipulate to dispense with the scheduling conference currently set for January 17, 2017, and agree to the following briefing schedule:

- Defendants' production of the administrative record (with the exception of information subject to the parties' proposed protective order[1]) to Plaintiff: [TBD]

---

[1] As explained in the parties' joint motion for entry of a protective order, certain comments in the administrative record contain information that is private in nature, may be confidential, and may be protected from disclosure under the Privacy Act absent a court order.  Accordingly, the entry of an order addressing the disclosure, handling, and use of this information would facilitate the production of the full administrative record.

- Defendants' production of the balance of the administrative record to Plaintiff:  as soon as practicable after the Court's entry of a protective order
- Plaintiff's motion for summary judgment:  [TBD]
- Defendants' opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment:  [TBD]
- Plaintiff's reply in support of its motion for summary judgment and opposition to Defendants' cross-motion for summary judgment:  [TBD]
- Defendants' reply in support of their cross-motion for summary judgment:  [TBD]
- Hearing:  [TBD]

## II.   PERTINENT CASE INFORMATION

### A.   Statement of the Case

Plaintiff, Lost Art Liquids LLC, sells electronic cigarettes (sometimes known as vaporizers) and manufactures and sells "e-liquids" for use in such devices.  Compl. ¶ 14.  It challenges a U.S. Food and Drug Administration ("FDA") rule that deems electronic cigarettes and e-liquids, among other products, to be "tobacco products" subject to FDA regulation.  *See* FDA, Deeming Tobacco Products To Be Subject to the Federal Food, Drug, and Cosmetic Act, as Amended by the Family Smoking Prevention and Tobacco Control Act; Restrictions on the Sale and Distribution of Tobacco Products and Required Warning Statements for Tobacco Products, No. FDA-2014-N-0189, 81 Fed. Reg. 28,973 (May 10, 2016) (the "deeming rule").

### B.   Subject Matter Jurisdiction

Plaintiff alleges that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 2201–02.

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

## C.    Legal Issues

The parties anticipate that the main legal issue in this case will be whether the deeming rule constitutes agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Plaintiffs allege that the deeming rule constitutes an abuse of discretion, Compl. ¶¶ 92–119, is based on inadequate regulatory flexibility and cost-benefit analyses, *id*. ¶¶ 23–45, 46–59, and runs afoul of the First and Fifth Amendments, *id*. ¶¶ 60–91.

## D.    Parties, Evidence, Etc.

The parties are identified in the caption.  The parties are unaware of any percipient witnesses.  The key documents in this case will be contained in the administrative record, which Defendants intend to produce by [TBD].

## E.    Damages

Not applicable.  Plaintiff's lawsuit seeks to set aside the deeming rule.

## F.    Insurance

Not applicable.

## G.    Motions

The parties anticipate that all issues in this action can be decided on the basis of the administrative record, in accordance with the following briefing schedule:

- Defendants' production of the administrative record (with the exception of information subject to the parties' proposed protective order[2]) to Plaintiff: [TBD]

- Defendants' production of the balance of the administrative record to Plaintiff:  as soon as practicable after the Court's entry of a protective order

---

[2] As explained in the parties' joint motion for entry of a protective order, certain comments in the administrative record contain information that is private in nature, may be confidential, and may be protected from disclosure under the Privacy Act absent a court order.  Accordingly, the entry of an order addressing the disclosure, handling, and use of this information would facilitate the production of the full administrative record.

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

- Plaintiff's motion for summary judgment: [TBD]
- Defendants' opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment: [TBD]
- Plaintiff's reply in support of its motion for summary judgment and opposition to Defendants' cross-motion for summary judgment: [TBD]
- Defendants' reply in support of their cross-motion for summary judgment: [TBD]
- Hearing: [TBD]

### H.  Manual for Complex Litigation

The parties agree that the Manual for Complex Litigation does not apply to this case.

### I.  Status of Discovery

Because this action is governed by the APA and will be decided on the basis of the administrative record, this case is exempt from Fed. R. Civ. P. 26's ordinary requirement to confer and develop a proposed discovery plan, and the parties do not anticipate engaging in discovery.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i), (f)(1)–(3)

### J.  Discovery Plan

Not applicable.  *See supra* ¶ II.I.

### K.  Fact Discovery Cutoff

Not applicable.  *See supra* ¶ II.I.

### L.  Expert Discovery

Not applicable.  *See supra* ¶ II.I.

### M.  Dispositive Motions

*See supra* ¶ II.G.

### N.  Settlement

The parties have considered the possibility of settlement, but do not believe that any of the settlement procedures in Local Rule 16 are necessary and request to be exempt from such procedures.  To the extent the parties are required to select a

5

formal settlement procedure, however, they elect to appear before the Magistrate

Judge assigned to this case under ADR Procedure No. 1 pursuant to Local Rule 16-

15.4.

### O.     Trial Schedule

Because this action is governed by the APA and will be decided on the basis

of the administrative record, the parties do not anticipate a trial in this case.  *See*

*supra* ¶ II.I.

### P.     Likelihood of the Appearance of Additional Parties

All named parties have appeared, and Plaintiff does not anticipate amending

the complaint to add additional parties.

### Q.     Proposals Regarding Severance, Bifurcation or Other Ordering of
###         Proof

Not applicable.  *See supra* ¶ II.O.


Dated: January 3, 2017                          Respectfully submitted,


 /s/ *[insert signatory]*                        BENJAMIN C. MIZER
JEFFREY K. DAMAN                                 Principal Deputy Assistant Attorney
PHILLIP DAMAN                                    General
ANDRE JON ST. LAURENT
Daman and Associates LLP                         SHEILA LIEBER
10250 Constellation Blvd., Ste. 2320             Deputy Director
Los Angeles, CA 90067
Tel: (310) 699-5606                               /s/ *Eric Beckenhauer*
Fax: (462) 645-0754                              ERIC B. BECKENHAUER
Email: andre.stlaurent@damanllp.com              Trial Attorney
                                                 U.S. Department of Justice
*Counsel for Plaintiff*                          Civil Division, Federal Programs
                                                 Branch
                                                 20 Massachusetts Ave. NW
                                                 Washington, DC  20530
                                                 Tel: (202) 514-3338
                                                 Fax: (202) 616-8470
                                                 E-mail: Eric.Beckenhauer@usdoj.gov

                                                 *Counsel for Defendants*

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

1  BENJAMIN C. MIZER
   Principal Deputy Assistant Attorney General
2  SHEILA LIEBER
   Deputy Director
3  ERIC B. BECKENHAUER, Cal. Bar No. 237526
   Trial Attorney
4  U.S. Department of Justice
   Civil Division, Federal Programs Branch
5  20 Massachusetts Ave. NW
   Washington, DC  20530
6  Tel: (202) 514-3338
   Fax: (202) 616-8470
7  Email: eric.beckenhauer@usdoj.gov

8  *Attorneys for Defendants*

9

10            **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  LOST ART LIQUIDS,                          No. 2:16-cv-03468-SJO-FFM

                         Plaintiff,            **[PROPOSED] ORDER
14                                             VACATING SCHEDULING
    v.                                         CONFERENCE AND ENTERING
15                                             BRIEFING SCHEDULE**
    FOOD AND DRUG
16  ADMINISTRATION, DR. ROBERT
    CALIFF, in his official capacity as
17  Commissioner of Food and Drugs, and
    SYLVIA M. BURWELL, in her
18  official capacity as Secretary of Health
    and Human Services,
19
                         Defendants.
20

21

22        Having reviewed and approved the parties' Joint Stipulation Regarding Rule

23  26 and Request to Vacate Scheduling Conference and Enter Briefing Schedule,

24        IT IS HEREBY ORDERED that Scheduling Conference set for January 17,

25  2017, is VACATED; and

26        IT IS FURTHER ORDERED that the following schedule shall govern this

27  case:

28

                                       1

- Defendants' production of the administrative record (with the exception of information subject to the parties' proposed protective order) to Plaintiff: [TBD]
- Defendants' production of the balance of the administrative record to Plaintiff:  as soon as practicable after the Court's entry of a protective order
- Plaintiff's motion for summary judgment:  [TBD]
- Defendants' opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment:  [TBD]
- Plaintiff's reply in support of its motion for summary judgment and opposition to Defendants' cross-motion for summary judgment:  [TBD]
- Defendants' reply in support of their cross-motion for summary judgment: [TBD]
- Hearing:  [TBD]

Dated: _____      _____

S. JAMES OTERO
United States District Judge

Presented by:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

SHEILA LIEBER
Deputy Director

/s/ Eric Beckenhauer
ERIC B. BECKENHAUER
Cal. Bar No. 237526
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Tel: (202) 514-3338
Fax: (202) 616-8470
Email: eric.beckenhauer@usdoj.gov

Counsel for Defendants

1

2
/s/ *[insert signatory]*
JEFFREY K. DAMAN

3
PHILLIP DAMAN
ANDRE JON ST. LAURENT

4
Daman and Associates LLP
10250 Constellation Blvd., Ste. 2320

5
Los Angeles, CA 90067
Tel: (310) 699-5606

6
Fax: (462) 645-0754
Email: andre.stlaurent@damanllp.com

7
*Counsel for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

1 | BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
2 | SHEILA LIEBER
Deputy Director
3 | ERIC B. BECKENHAUER, Cal. Bar No. 237526
Trial Attorney
4 | U.S. Department of Justice
Civil Division, Federal Programs Branch
5 | 20 Massachusetts Ave. NW
Washington, DC  20530
6 | Tel: (202) 514-3338
Fax: (202) 616-8470
7 | Email: eric.beckenhauer@usdoj.gov

8 | *Attorneys for Defendants*

9 |

10 | **IN THE UNITED STATES DISTRICT COURT**

11 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12 |

13 | LOST ART LIQUIDS,                    No. 2:16-cv-03468-SJO-FFM

14 |                     Plaintiff,

15 | v.                                   **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

16 | FOOD AND DRUG
ADMINISTRATION, DR. ROBERT
17 | CALIFF, in his official capacity as
Commissioner of Food and Drugs, and
18 | SYLVIA M. BURWELL, in her
official capacity as Secretary of Health
19 | and Human Services,

20 |                     Defendants.

21 |

22 | 

The parties respectfully move the Court to enter the attached Protective
23 | Order pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure
24 | 26(c).  In support of this motion, the parties state as follows:
25 |         1.     In this case, Plaintiff challenges a Food and Drug Administration
26 | ("FDA") rule that deems cigars, among other products, to be "tobacco products"
27 | subject to FDA regulation.  *See* FDA, Deeming Tobacco Products to Be Subject to
28 | the Federal Food, Drug, and Cosmetic Act, as Amended by the Family Smoking

1

Prevention and Tobacco Control Act; Restrictions on the Sale and Distribution of Tobacco Products and Required Warning Statements for Tobacco Products, No. FDA-2014-N-0189, 81 Fed. Reg. 28,973 (May 10, 2016) (the "deeming rule").

2.   The administrative record for the deeming rule contains over 135,000 comments.  The FDA estimates that more than 10,000 of those are web-based comments from individual consumers, many of which contain personally identifying information, such as names and e-mail addresses, in the "submitter information" field.  Although this identifying information is not disclosed online, it appears in the administrative record and cannot be redacted without a page-by-page review of all 135,000 comments.  In addition, at least one commenter specifically designated its comment as confidential.

3.   This information is private in nature, may be confidential, and may be protected from disclosure under the Privacy Act absent a court order.  *See* 5 U.S.C. § 552a(b)(11).

4.   Defendants intend to produce the administrative record to Plaintiff—with the exception of this information—by [date TBD].  The entry of an order addressing the disclosure, handling, and use of this information would facilitate the production of the balance of the administrative record and promote an efficient resolution of this action.

5.   Accordingly, the parties jointly request that the Court enter the attached Protective Order.

Dated: January 3, 2017                    Respectfully submitted,

2

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

1

/s/ *[insert signatory]*
JEFFREY K. DAMAN
PHILLIP DAMAN

2

ANDRE JON ST. LAURENT
Daman and Associates LLP

3

10250 Constellation Blvd., Ste. 2320
Los Angeles, CA 90067

4

Tel: (310) 699-5606
Fax: (462) 645-0754

5

Email: andre.stlaurent@damanllp.com

6

*Counsel for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney
General

SHEILA LIEBER
Deputy Director

/s/ *Eric Beckenhauer*
ERIC B. BECKENHAUER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs
Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Tel: (202) 514-3338
Fax: (202) 616-8470
E-mail: Eric.Beckenhauer@usdoj.gov

*Counsel for Defendants*

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

1   BENJAMIN C. MIZER
     Principal Deputy Assistant Attorney General
2   SHEILA LIEBER
     Deputy Director
3   ERIC B. BECKENHAUER, Cal. Bar No. 237526
     Trial Attorney
4   U.S. Department of Justice
     Civil Division, Federal Programs Branch
5   20 Massachusetts Ave. NW
     Washington, DC  20530
6   Tel: (202) 514-3338
     Fax: (202) 616-8470
7   Email: eric.beckenhauer@usdoj.gov

8   *Attorneys for Defendants*

9

10         **IN THE UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  LOST ART LIQUIDS, | No. 2:16-cv-03468-SJO-FFM |
| 14          Plaintiff, | |
| 15  v. | **[PROPOSED] PROTECTIVE ORDER** |
| 16  FOOD AND DRUG ADMINISTRATION, DR. ROBERT | |
| 17  CALIFF, in his official capacity as Commissioner of Food and Drugs, and | |
| 18  SYLVIA M. BURWELL, in her official capacity as Secretary of Health | |
| 19  and Human Services, | |
| 20          Defendants. | |

21

22        Upon consideration of the parties' joint motion for entry of a Protective

23 Order, pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure

24 26(c), it is hereby **ORDERED** that:

25        1.     This Order shall govern the disclosure, handling, and use of the

26 following documents and other information in the administrative record for this

27 case, which are hereinafter referred to as "Protected Information":

28

a.    On any document titled "PUBLIC SUBMISSION" and marked "Category:  Individual Consumer," any personally identifying information in the "submitter information" field, including but not limited to name, address, and e-mail address if that information is not disclosed elsewhere in the document; and

b.    Any other document marked by the Food and Drug Administration ("FDA") as "Confidential" on the document header.

2.    All information that is derived from Protected Information, even if incorporated into another document or compilation or referred to in testimony, shall be treated as Protected Information; provided, however, that summaries or statistical compilations of Protected Information that do not contain information by which specific individuals can be identified are not covered by this Order.

3.    Defendants are authorized to release Protected Information covered by the Privacy Act, 5 U.S.C. § 552a, without obtaining the prior written consent of the individuals to whom such records or information pertain.

4.    Before production, a producing party shall mark Protected Information with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking.  For Protected Information whose medium makes such marking impracticable, such as electronic files, a producing party shall mark any CD-ROM or diskette case, and/or any accompanying paper or email cover letter, with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking. Categories of documents may be marked generally if the identification of individual documents is impracticable.

5.    Protected Information may be used only for the purposes of litigating this civil action and any appeals thereof.  Except as provided in Paragraph 6, no person who obtains access to Protected Information pursuant to this Order shall

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

disclose those documents or that information without either the prior, express, written consent of the producing party or its counsel, or further order of the Court.

6.     Counsel for the parties may disclose Protected Information only to (a) the Court and its staff, including court reporters; (b) the attorneys of record for the parties; (c) associates and staff of the attorneys of record for the parties, but only to the extent necessary to perform their duties; (d) Defendants and their employees; (e) Plaintiff; (f) outside experts or consultants retained by any party, including their associates and staff, but only to the extent necessary to provide their services; and (g) third-party contractors engaged in copying, organizing, filing, coding, converting, storing, or retrieving data or information, including as part of a litigation support system, but only to the extent necessary to render such services.

7.     Before Plaintiff' counsel discloses Protected Information to any person listed in Paragraph 6(e)-(g), that person must be provided with a copy of this Order, and must sign a copy of the Acknowledgment and Consent form attached hereto (Exhibit A).  Plaintiff's counsel shall retain copies of the signed Acknowledgment and Consent forms in their litigation files and shall make them available to Defendants' counsel upon request.

8.     If Protected Information is disclosed to any person not listed in Paragraph 6, upon learning of such disclosure Plaintiff's counsel must promptly (a) inform Defendants of the disclosure, including the surrounding facts and circumstances; and (b) request the return or destruction of the Protected Information and seek to minimize any further unauthorized disclosure.

9.     Any person to whom Plaintiff's counsel discloses Protected Information shall return to Plaintiff's counsel (or destroy, and certify such destruction in writing to Plaintiff's counsel) all such materials and any copies thereof upon termination of this civil action and any appeals thereof, or when they are no longer assigned or retained to work on this case, whichever comes first.

3

10. A failure to designate any materials as Protected Information shall not constitute a waiver of any party's assertion that the materials are covered by this Order. A producing party may notify a receiving party that Protected Information was inadvertently disclosed without first being marked as described in Paragraph 4. Upon receipt of such notice, the receiving party shall immediately treat the materials as if they had been properly designated as Protected Information, and shall promptly place an appropriate marking on the materials.

11. Before filing a document containing Protected Information, a party shall move for leave to file the document under seal pursuant to LCvR 5(h). If leave is granted, the party shall file a public version of the sealed document, with the Protected Information redacted, as soon as practicable. If leave is denied, the parties shall confer to discuss procedures necessary to prevent the disclosure of the Protected Information. Prior to using any Protected Information in open court, counsel for the parties shall confer to discuss procedures necessary to prevent the disclosure of that information, including, without limitation, moving the Court to close the proceedings.

12. Nothing in this Order shall be construed to limit the right of either party to introduce Protected Information into evidence, subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable statutes or regulations, and any privacy protections the Court deems appropriate.

13. This Order shall continue to be binding after the final termination of this litigation. Within 60 days after the termination of this civil action and any appeals thereof, all Protected Information and any copies thereof — including documents created by Plaintiff or its counsel, or anyone working on their behalf — shall be returned to Defendants or their counsel or destroyed, except for court filings retained by Plaintiff's counsel as part of their litigation files, which shall remain subject to the terms of this Order. Within 60 days after the termination of

4

1   this civil action and any appeals thereof, Plaintiff's counsel will certify to

2   Defendants' counsel that all such material has been returned or destroyed.

3          14.     This Order does not constitute a ruling on the question whether any

4   particular document is confidential and does not constitute a ruling on any

5   potential objection to the asserted confidentiality of any record, other than

6   objections based on the Privacy Act.

7          15.     Each party reserves the right to seek to modify the terms of this Order

8   at any time, and each party reserves the right to oppose any motion to modify the

9   terms of this Order.

10         **SO ORDERED**.

11

12   Dated: _____        _____

13                                          S. JAMES OTERO
                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

1  BENJAMIN C. MIZER
   Principal Deputy Assistant Attorney General
2  SHEILA LIEBER
   Deputy Director
3  ERIC B. BECKENHAUER, Cal. Bar No. 237526
   Trial Attorney
4  U.S. Department of Justice
   Civil Division, Federal Programs Branch
5  20 Massachusetts Ave. NW
   Washington, DC  20530
6  Tel: (202) 514-3338
   Fax: (202) 616-8470
7  Email: eric.beckenhauer@usdoj.gov

8  *Attorneys for Defendants*

9

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  LOST ART LIQUIDS,                          No. 2:16-cv-03468-SJO-FFM

                           Plaintiff,
14
    v.
15                                             **ACKNOWLEDGMENT AND**
                                               **CONSENT**
16  FOOD AND DRUG
    ADMINISTRATION, DR. ROBERT
17  CALIFF, in his official capacity as
    Commissioner of Food and Drugs, and
18  SYLVIA M. BURWELL, in her
    official capacity as Secretary of Health
19  and Human Services,

20                           Defendants.

21

22          I hereby certify that:

23          1.      I have read the Protective Order (the "Order") entered by the Court in

24  this case and I understand its terms.

25          2.      I understand that Protected Information is being provided to me under

26  the terms of the Order, and that those materials are to be used only for purposes of

27  this litigation and for no other purpose.

28

1

3.      I agree to be fully bound by the provisions of the Order, including its provisions limiting the use of Protected Information and restricting its further disclosure.

4.      I agree to return all Protected Information and any copies thereof to Plaintiff's counsel (or to destroy such materials, and to certify their destruction in writing to Plaintiff's counsel) upon termination of this civil action and any appeals thereof, or when I am no longer assigned or retained to work on this case, whichever comes first.

5.      I understand that my obligations under the Order shall survive the termination of this case and are binding upon me for all time.

6.      I hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the Order.

7.      I understand that a violation of the Order is punishable by contempt of Court and may subject me to sanctions and such other relief as the Court may order.

Dated: _____     Signature: _____

Print Name: _____

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUN − 8 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

NICOPURE LABS, LLC,

        Plaintiff,

        v.

FOOD AND DRUG ADMINISTRATION,
<u>et al.</u>,

        Defendants.

Civil Action No. 16-878 (ABJ)

<u>**PROTECTIVE ORDER**</u>

Upon consideration of the parties' joint motion for entry of a Protective Order, pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), it is hereby **ORDERED** that:

1.     This Order shall govern the disclosure, handling, and use of the following documents and other information in the administrative record for this case, which are hereinafter referred to as "Protected Information":

    a.    On any document titled "PUBLIC SUBMISSION" and marked "Category: Individual Consumer," any personally identifying information in the "submitter information" field, including but not limited to name, address, and e-mail address if that information is not disclosed elsewhere in the document; and

    b.    Any other document marked by the Food and Drug Administration ("FDA") as "Confidential" on the document header.

2.     All information that is derived from Protected Information, even if incorporated into another document or compilation or referred to in testimony, shall be treated as Protected Information; provided, however, that summaries or statistical compilations of Protected

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

Information that do not contain information by which specific individuals can be identified are not covered by this Order.

     3.     Defendants are authorized to release Protected Information covered by the Privacy Act, 5 U.S.C. § 552a, without obtaining the prior written consent of the individuals to whom such records or information pertain.

     4.     Before production, a producing party shall mark Protected Information with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking.  For Protected Information whose medium makes such marking impracticable, such as electronic files, a producing party shall mark any CD-ROM or diskette case, and/or any accompanying paper or email cover letter, with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking. Categories of documents may be marked generally if the identification of individual documents is impracticable.

     5.     Protected Information may be used only for the purposes of litigating this civil action and any appeals thereof.  Except as provided in Paragraph 6, no person who obtains access to Protected Information pursuant to this Order shall disclose those documents or that information without either the prior, express, written consent of the producing party or its counsel, or further order of the Court.

     6.     Counsel for the parties may disclose Protected Information only to (a) the Court and its staff, including court reporters; (b) the attorneys of record for the parties; (c) associates and staff of the attorneys of record for the parties, but only to the extent necessary to perform their duties; (d) Defendants and their employees; (e) Plaintiff; (f) outside experts or consultants retained by any party, including their associates and staff, but only to the extent necessary to provide their services; and (g) third-party contractors engaged in copying, organizing, filing, coding, converting,

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

storing, or retrieving data or information, including as part of a litigation support system, but only to the extent necessary to render such services.

7.     Before Plaintiff's counsel discloses Protected Information to any person listed in Paragraph 6(e)-(g), that person must be provided with a copy of this Order, and must sign a copy of the Acknowledgment and Consent form attached hereto (Exhibit A).  Plaintiff's counsel shall retain copies of the signed Acknowledgment and Consent forms in their litigation files and shall make them available to Defendants' counsel upon request.

8.     If Protected Information is disclosed to any person not listed in Paragraph 6, upon learning of such disclosure Plaintiff's counsel must promptly (a) inform Defendants of the disclosure, including the surrounding facts and circumstances; and (b) request the return or destruction of the Protected Information and seek to minimize any further unauthorized disclosure.

9.     Any person to whom Plaintiff's counsel discloses Protected Information shall return to Plaintiff's counsel (or destroy, and certify such destruction in writing to Plaintiff's counsel) all such materials and any copies thereof upon termination of this civil action and any appeals thereof, or when they are no longer assigned or retained to work on this case, whichever comes first.

10.    A failure to designate any materials as Protected Information shall not constitute a waiver of any party's assertion that the materials are covered by this Order.  A producing party may notify a receiving party that Protected Information was inadvertently disclosed without first being marked as described in Paragraph 4.  Upon receipt of such notice, the receiving party shall immediately treat the materials as if they had been properly designated as Protected Information, and shall promptly place an appropriate marking on the materials.

11.    Before filing a document containing Protected Information, a party shall move for leave to file the document under seal pursuant to LCvR 5(h).  If leave is granted, the party shall

3

file a public version of the sealed document, with the Protected Information redacted, as soon as practicable. If leave is denied, the parties shall confer to discuss procedures necessary to prevent the disclosure of the Protected Information. Prior to using any Protected Information in open court, counsel for the parties shall confer to discuss procedures necessary to prevent the disclosure of that information, including, without limitation, moving the Court to close the proceedings.

12.    Nothing in this Order shall be construed to limit the right of either party to introduce Protected Information into evidence, subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable statutes or regulations, and any privacy protections the Court deems appropriate.

13.    This Order shall continue to be binding after the final termination of this litigation. Within 60 days after the termination of this civil action and any appeals thereof, all Protected Information and any copies thereof — including documents created by Plaintiff or its counsel, or anyone working on their behalf — shall be returned to Defendants or their counsel or destroyed, except for court filings retained by Plaintiff's counsel as part of their litigation files, which shall remain subject to the terms of this Order. Within 60 days after the termination of this civil action and any appeals thereof, Plaintiff's counsel will certify to Defendants' counsel that all such material has been returned or destroyed.

14.    This Order does not constitute a ruling on the question whether any particular document is confidential and does not constitute a ruling on any potential objection to the asserted confidentiality of any record, other than objections based on the Privacy Act.

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

15.     Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

     **SO ORDERED**.

Dated: _____6\8\16_____          _____

                                     AMY BERMAN JACKSON
                                     United States District Judge

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NICOPURE LABS, LLC,

                Plaintiff,

        v.

FOOD AND DRUG ADMINISTRATION,
et al.,

                Defendants.

Civil Action No. 16-878 (ABJ)

## ACKNOWLEDGEMENT AND CONSENT

I hereby certify that:

1.      I have read the Protective Order (the "Order") entered by the Court in this case and I understand its terms.

2.      I understand that Protected Information is being provided to me under the terms of the Order, and that those materials are to be used only for purposes of this litigation and for no other purpose.

3.      I agree to be fully bound by the provisions of the Order, including its provisions limiting the use of Protected Information and restricting its further disclosure.

4.      I agree to return all Protected Information and any copies thereof to Plaintiff's counsel (or to destroy such materials, and to certify their destruction in writing to Plaintiff's counsel) upon termination of this civil action and any appeals thereof, or when I am no longer assigned or retained to work on this case, whichever comes first.

5.      I understand that my obligations under the Order shall survive the termination of this case and are binding upon me for all time.

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H

6.     I hereby submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcement of the Order.

7.     I understand that a violation of the Order is punishable by contempt of Court and may subject me to sanctions and such other relief as the Court may order.

Dated: _____          Signature: _____

                                               Print Name: _____

Defs.' Opp'n to Pl.'s Mot. to Compel - Ex. H