BRETT A. SHUMATE
Deputy Assistant Attorney General
JOEL McELVAIN
Assistant Director
ERIC B. BECKENHAUER, Cal. Bar No. 237526
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel: (202) 514-3338
Fax: (202) 616-8470
Email: eric.beckenhauer@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOST ART LIQUIDS,

          Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION, *et al.*,

          Defendants.

No. 2:16-cv-03468-SJO-FFM

[~~PROPOSED~~] PROTECTIVE ORDER

Pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), it is hereby **ORDERED** that:

1. This Order shall govern the disclosure, handling, and use of the following documents and other information in the administrative record for this case, which are hereinafter referred to as "Protected Information":

    a. On any document titled "PUBLIC SUBMISSION" and marked "Category: Individual Consumer," any personally identifying information in the "submitter information" field, including but

1

not limited to name, address, and e-mail address if that information is not disclosed elsewhere in the document; and

    b.    One other document marked by the Food and Drug Administration ("FDA") as "Confidential" on the document header found at Bates-numbered pages FDA 231,199–231,225.

2. All information that is derived from Protected Information, even if incorporated into another document or compilation or referred to in testimony, shall be treated as Protected Information; provided, however, that summaries or statistical compilations of Protected Information that do not contain information by which specific individuals can be identified are not covered by this Order.

3. Defendants are authorized to release Protected Information covered by the Privacy Act, 5 U.S.C. § 552a, without obtaining the prior written consent of the individuals to whom such records or information pertain.

4. Before production, a producing party shall mark Protected Information with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking. For Protected Information whose medium makes such marking impracticable, such as electronic files, a producing party shall mark any CD-ROM or diskette case, and/or any accompanying paper or email cover letter, with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking. Categories of documents may be marked generally if the identification of individual documents is impracticable.

5. Protected Information may be used only for the purposes of litigating this civil action and any appeals thereof. Except as provided in Paragraph 6, no person who obtains access to Protected Information pursuant to this Order shall disclose such Protected Information without either the prior, express, written consent of the producing party or its counsel, or further order of the Court.

6. Counsel for the parties may disclose Protected Information only to (a) the Court and its staff, including court reporters; (b) the attorneys of record for the parties; (c) associates and staff of the attorneys of record for the parties, but only to the extent necessary to perform their duties; (d) Defendants and their employees; (e) Plaintiff; (f) outside experts or consultants retained by any party, including their associates and staff, but only to the extent necessary to provide their services; and (g) third-party contractors engaged in copying, organizing, filing, coding, converting, storing, or retrieving data or information, including as part of a litigation support system, but only to the extent necessary to render such services.

7. Before Plaintiff's counsel discloses Protected Information to any person listed in Paragraph 6(e)–(g), that person must be provided with a copy of this Order, and must sign a copy of the Acknowledgment and Consent form attached hereto (Exhibit A). Plaintiff's counsel shall retain copies of the signed Acknowledgment and Consent forms in their litigation files and shall make them available to Defendants' counsel upon request.

8. If Protected Information is disclosed to any person not listed in Paragraph 6, upon learning of such disclosure Plaintiff's counsel must promptly (a) inform Defendants of the disclosure, including the surrounding facts and circumstances; and (b) request the return or destruction of the Protected Information and seek to minimize any further unauthorized disclosure.

9. Any person to whom Plaintiff's counsel discloses Protected Information shall return to Plaintiff's counsel (or destroy, and certify such destruction in writing to Plaintiff's counsel) all such materials and any copies thereof upon termination of this civil action and any appeals thereof, or when they are no longer assigned or retained to work on this case, whichever comes first.

10. A failure to designate any materials as Protected Information shall not constitute a waiver of any party's assertion that the materials are covered by this Order. A producing party may notify a receiving party that Protected Information

was inadvertently disclosed without first being marked as described in Paragraph 4. Upon receipt of such notice, the receiving party shall immediately treat the materials as if they had been properly designated as Protected Information, and shall promptly place an appropriate marking on the materials.

11. Before filing a document containing Protected Information, a party shall move for leave to file the document under seal pursuant to Civil Local Rule 79-5. If leave is granted, the party shall file a public version of the sealed document, with the Protected Information redacted, as soon as practicable. If leave is denied, the parties shall confer to discuss procedures necessary to prevent the disclosure of the Protected Information. Prior to using any Protected Information in open court, counsel for the parties shall confer to discuss procedures necessary to prevent the disclosure of that information, including, without limitation, moving the Court to close the proceedings.

12. Nothing in this Order shall be construed to limit the right of either party to introduce Protected Information into evidence, subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable statutes or regulations, and any privacy protections the Court deems appropriate.

13. This Order shall continue to be binding after the final termination of this litigation. Within 60 days after the termination of this civil action and any appeals thereof, all Protected Information and any copies thereof — including documents created by Plaintiff or its counsel, or anyone working on their behalf, that contain Protected Information — shall be returned to Defendants or their counsel or destroyed, at Plaintiff's counsel's discretion, except for court filings retained by Plaintiff's counsel as part of their litigation files, which shall remain subject to the terms of this Order. Within 60 days after the termination of this civil action and any appeals thereof, Plaintiff's counsel will certify to Defendants' counsel that all such material has been returned or destroyed.

14. This Order does not constitute a ruling on the question whether any particular document is confidential and does not constitute a ruling on any potential objection to the asserted confidentiality of any record, other than objections based on the Privacy Act.

15. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

**SO ORDERED.**

Dated: 2-6-18

FREDERICK F. MUMM
United States Magistrate Judge

| | |
|---|---|
| 1 | BRETT A. SHUMATE |
| | Deputy Assistant Attorney General |
| 2 | JOEL McELVAIN |
| | Assistant Director |
| 3 | ERIC B. BECKENHAUER, Cal. Bar No. 237526 |
| | Trial Attorney |
| 4 | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| 5 | 20 Massachusetts Ave. NW |
| | Washington, DC 20530 |
| 6 | Tel: (202) 514-3338 |
| | Fax: (202) 616-8470 |
| 7 | Email: eric.beckenhauer@usdoj.gov |
| 8 | *Attorneys for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOST ART LIQUIDS, | No. 2:16-cv-03468-SJO-FFM |
| Plaintiff, | |
| v. | **ACKNOWLEDGMENT AND CONSENT** |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | |
| Defendants. | |

I hereby certify that:

1. I have read the Protective Order (the "Order") entered by the Court in this case and I understand its terms.

2. I understand that Protected Information is being provided to me under the terms of the Order, and that those materials are to be used only for purposes of this litigation and for no other purpose.

3. I agree to be fully bound by the provisions of the Order, including its provisions limiting the use of Protected Information and restricting its further disclosure.

1

4. I agree to return all Protected Information and any copies thereof to Plaintiff's counsel (or to destroy such materials, and to certify their destruction in writing to Plaintiff's counsel) upon termination of this civil action and any appeals thereof, or when I am no longer assigned or retained to work on this case, whichever comes first.

5. I understand that my obligations under the Order shall survive the termination of this case and are binding upon me for all time.

6. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the Order.

7. I understand that a violation of the Order is punishable by contempt of Court and may subject me to sanctions and such other relief as the Court may order.

Dated: _____    Signature: _____

                                                                Print Name: _____